| | |
|---|---|
| **OMAR R. DUNN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| | )     **ORDER** |
| | ) |
| **FNU MITCHELL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed

under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A.

## I.    BACKGROUND

Pro se Plaintiff Omar Dunn, a North Carolina state inmate currently incarcerated at

Lanesboro Correctional Institution ("Lanesboro"), in Polkton, North Carolina, filed this action on

December 23, 2014, pursuant to 42 U.S.C. § 1983.  In the Complaint, Plaintiff names as

Defendants FNU Mitchell, identified as the Superintendent of Lanesboro; FNU Beaver,

identified as "Second in Command" at Lanesboro; FNU Aaron, identified as the Unit Manager of

Lanesboro's Anson Unit; and H. Davis, identified as the Assistant Unit Manager of Lanesboro's

Anson Unit.  Plaintiff purports to bring a claim for cruel and unusual punishment under the

Eighth Amendment based on his allegation that, while at Lanesboro, he was left outside in the

cold from 1 p.m. to 8 p.m. on October 24, 2014.  Specifically, Plaintiff alleges the following

facts in support of his Eighth Amendment claim:

> On 10-24-14 I was subjected to cruel and unusual punishment.  I was left in the
> freezing cold from 1 o'clock to 8 o'clock by Mr. Aaron and Ms. H. Davis without

1

a coat or anything[.] I requested to see mental health due to my mother passing away on 10-22-14 but I was denied and left outside in the rec cage, threw dinner trays, shift change and all I requested to come insider numerous time[s] because I was cold and was told Mr. Aaron said let me stay outside. Our blocks came outside at 1 o'clock and we were supposed to return at 3 o'clock but I was the only one left outside at 6:33 p.m. Ms. H. Davis came outside and told me that Mr. Aaron said to leave me outside, she was suppose[d] to get the OIC [officer in charge] [unintelligible] and requested at that time but she didn't. I stayed out there until 8 o'clock and was brung [sic] inside and spoke to the OIC. She didn't approve it, I wrote Mr. Mitchell and Mr. Beaver and they ignored my letters and its [sic] still rights being violated here at Lanesboro and its [sic] being swip [sic] under the rug.

(Doc. No. 1 at 4). Plaintiff seeks injunctive and declaratory relief as well as compensatory and punitive damages. (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.

1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also generally allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold. See Dixon, 114 F.3d at 642. To assess whether cold cell temperatures constitute cruel and unusual punishment, courts must consider "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." Id. at 644. The cold need not present an imminent threat to the inmate's health to implicate the Eighth Amendment. See id. at 642.

Here, Plaintiff has not alleged sufficient facts to proceed past initial review, as the allegations of a single, isolated incident in which Plaintiff was left outside in the cold for seven hours do not rise to the level of an Eighth Amendment violation.[1] Although courts have held that

---

[1]  In the Step One response to Plaintiff's grievance about the incident, prison officials responded to Plaintiff that he "refused to exit the recreation cage with the demands of speaking with somebody in mental health. You were advised of the procedures for speaking with mental health, which is to submit a request, at which you became angry and refused to exit. At that time, it didn't seem necessary to use force to remove you from the cage, so we decided to leave

allowing prisoners to be exposed to extremely cold temperatures over an extended time period may constitute cruel and unusual punishment in violation of the Eighth Amendment, a single incident of being left in the cold for seven hours is not an extreme deprivation such that it rises to the level of cruel and unusual punishment.[2] Cf. Palmer v. Johnson, 193 F.3d 346, 353 (5th Cir. 1999) (finding that exposure to extreme cold for seventeen hours could constitute an Eighth Amendment violation); Murphy v. Walker, 51 F.3d 714, 720-21 (7th Cir. 1995) (holding that the plaintiff prisoner stated an Eighth Amendment claim where he alleged that he spent a week and a half in a cell without adequate heat, clothing, or bedding); Henderson v. DeRobertis, 940 F.2d 1055, 1058 (7th Cir. 1991) (finding that the deprivation of blankets for four days in extreme cold could constitute an Eighth Amendment violation); Chandler v. Baird, 926 F.2d 1057, 1063, 1065 (11th Cir. 1991) (reversing summary judgment for defendants on the plaintiff prisoner's Eighth Amendment claim that he was housed in his underwear for sixteen days in a sixty-degree cell without bedding, soap, toothbrush, toothpaste, or, for 2 days, water); McCray v. Burrell, 516 F.2d 357, 367, 369 (4th Cir. 1975) (holding that the plaintiff prisoner stated an Eighth Amendment claim where he alleged that he spent forty-six hours in a cell without clothing, mattress, blanket, water, or personal hygiene items).

For the reasons stated herein, the Court finds that Plaintiff has failed to state an Eighth Amendment claim.

---

you there until you made the choice to exit on your own free will." (Doc. No. 3 at 5).

[2] Plaintiff does not allege what the temperatures were on the day in question, but the Court takes judicial notice that the airport in Monroe, North Carolina (about 20 miles from Polkton) reported temperatures on October 24, 2014, as ranging from 66° F. at 1 p.m. to 57° F. at 8 p.m. See http://www.friendlyforecast.com/usa/archive/archive.php?region=NC&id=225045&?-Forecast-Polkton-North-Carolina&date=20141024000000&sort=hour. These temperatures hardly constitute extreme cold.

**IV.     CONCLUSION**

For the reasons stated herein, Plaintiff's Complaint is dismissed for failure to state a

claim.

**IT IS, THEREFORE, ORDERED** that:

1.  Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim.

2.  The Clerk is directed to terminate this action.


Signed: January 26, 2015


Frank D. Whitney
Chief United States District Judge